UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY POWELL, JR.,

        Petitioner,

        v.                                                      Case No. 21-cv-607-pp

DYLON RADTKE,

        Respondent.

---

**ORDER DENYING AS MOOT MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 5), DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO PAY FILING FEE (DKT. NO. 8), SCREENING *HABEAS* PETITION (DKT. NO. 1) AND ORDERING RESPONSE**

---

On May 31, 2021, the petitioner, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 conviction in Milwaukee County Circuit Court for first-degree reckless homicide. Dkt. No. 1 at 2. He has paid the $5.00 filing fee. This order screens the petition and requires the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to Wisconsin criminal case "2017cf003678." Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. See State v. Powell, Milwaukee County Case No. 2017CF003678 (available at https://wcca.wicourts.gov). It reflects that following a jury trial, the court sentenced the petitioner to forty-one years of initial confinement followed by

1

twenty years of extended supervision, consecutive to any other sentence. Dkt. No. 1 at 2; State v. Powell, Milwaukee County Case No. 2017CF003678 (available at https://wcca.wicourts.gov). The court entered judgment on July 24, 2018. Id.

On June 17, 2019, the petitioner filed a motion for postconviction relief in the circuit court. Id. On August 13, 2019, the court denied the motion. Id. The next day, the petitioner filed a notice of appeal. Id. On December 22, 2020, the Wisconsin Court of Appeals affirmed the circuit court's judgment and denial of the petitioner's postconviction motion. Id. Two weeks later, the petitioner filed a petition for review with the Wisconsin Supreme Court. Dkt. No. 1 at 5. On March 24, 2021, the Wisconsin Supreme Court denied review. Id. at 6.

On May 13, 2021, the petitioner filed this federal *habeas* petition. Dkt. No. 1.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing Section 2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's

2

claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition asserts four grounds for relief: (1) insufficiency of the evidence, (2) the circuit court imposed an unduly harsh sentence, (3) ineffective assistance of trial counsel for a failure to investigate and (4) ineffective assistance of appellate counsel. Id. at 6-9.

3

The petition raises grounds generally cognizable on federal *habeas* review. See Kidd v. Gomez, 2 F.4th 677, 680 (7th Cir. 2021) (considering a sufficiency of the evidence claim on *habeas* review); Reed v. Schomig, 210 F.3d 375 (7th Cir. 2000) (considering excessive sentence claims on *habeas* review); Olvera v. Gomez, 2 F.4th 659, 671 (7th Cir. 2021) (considering an ineffective assistance of counsel claim based on trial counsel's failure to investigate on *habeas* review); Thompson v. Vanihel, 998 F.3d 762, 767 (7th Cir. 2021) (considering an ineffective assistance of appellate counsel claim on *habeas* review).

Based on the face of the petition, the court has concerns regarding procedural default. The petitioner states that he did not exhaust grounds three or four because "Wisconsin law does not honor hybrid representation." Dkt. No. 1 at 8-9. At this stage, the court does not have the benefit of a full record, and cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds. The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Motion for Leave to Proceed Without Prepaying Filing Fee (Dkt. No. 5); Motion for Extension of Time to Pay Filing Fee (Dkt. No. 8)

On May 27, 2021, the petitioner filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 5. He did not file a copy of his trust account statement for the six months preceding the filing of the petition. On July 19, 2021, the court ordered that by August 6, 2021, the petitioner must

4

file that trust account statement, and advised the petitioner that if he did not file the statement by August 6, 2021, the court could deny his request to proceed without paying the fee and could require him to pay the fee in full. Dkt. No. 7. The same day the court issued that order, it received from the petitioner a letter asking for additional time to pay the filing fee. Dkt. No. 8. On August 2, 2021—before the court had ruled on the motion for an extension of time—the court received the $5.00 filing fee. Because the court has now received the filing fee, the court will deny the motions as moot.

**IV.  Conclusion**

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DENIES AS MOOT** the petitioner's motion for an extension of time to pay the filing fee. Dkt. No. 8.

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

5

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent).

The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 18th day of August, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**