UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY POWELL, JR.,

        Petitioner,

  v.                                     Case No. 21-cv-607-pp

DYLON RADTKE,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR STAY TO EXHAUST STATE CLAIMS (DKT. NO. 13)**

On May 13, 2021, the petitioner, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 conviction in Milwaukee County Circuit Court for first-degree reckless homicide. Dkt. No. 1 at 1-2. On August 18, 2021, the court issued an order screening the petition. Dkt. No. 10. The court explained that it had "concerns regarding procedural default," because the petitioner had indicated that he had not exhausted two of the claims he raised in the petition. Id. at 4. Because it did not have a full record and could not say that the petitioner was plainly not entitled to relief, however, the court allowed the petitioner to proceed on the claims. Id.

On August 30, 2021, the court received from the plaintiff a "Motion for Stay to Exhaustion of State Claims." Dkt. No. 13. The motion stated that the plaintiff sought the stay so that he could return to state court to exhaust "three [] new stronger issues" that he "just found and need to be addressed." Id. at 1.

1

The petitioner asserts that he intends to present claims of judicial misconduct, prosecutorial misconduct and ineffective assistance of counsel. Id.

The petitioner appears to recognize that the law requires him to give the Wisconsin courts a full opportunity to review his claims before he may seek federal *habeas* relief. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Such a "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing Boerckel, 526 U.S. at 845). The court can order a stay and abeyance of an unexhausted federal *habeas* petition while a petitioner returns to the state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 276-77 (2005); Dolis v. Chambers, 454 F.3d 721, 724-25 (7th Cir. 2006) (vacating district court's dismissal of a petitioner's wholly unexhausted *habeas* petition and remanding with instructions for the court to consider a stay of the federal proceedings under pre-Rhines circuit authority). "Stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 270. A district court should grant a stay when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The Supreme Court has instructed district courts that they should not stay mixed petitions "indefinitely," and "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 277-78.

The petitioner argues that he is "a layman to the law." Dkt. No. 13 at 1. He contends the issues he wants to present in state court "will help within [his] case." Id. at 1-2.

2

At this early stage, the court's review of the petitioner's claims reflects that they could have merit. The court has no indication that the petitioner requested a stay for the purpose of delay. The court will grant the petitioner's request to stay the federal proceedings while he exhausts his state remedies. The court will stay and administratively close this federal case until the petitioner has exhausted his claims in state court. The court will order that within thirty days of the conclusion of his state court proceedings, the petitioner must file a motion asking this court to reopen his federal case. The court then will reopen the case, maintaining the original filing date of the petition. At that time, the petitioner may amend his petition to clarify the claims that he is raising and to indicate whether he's exhausted them. The court cautions the petitioner that he should use his time in state court to exhaust all claims that he wants to raise in this federal *habeas* petition. This may require him to file different motions with different levels of the state court. After the petitioner asks the court to reopen the case, the court will order the respondent to answer or otherwise respond to the petition.

The court notes that it did not promptly rule on the petitioner's motion to stay. As a consequence, the respondent wrote to the court, asking whether it planned to grant the petitioner's request for a stay or whether the respondent should answer or otherwise respond by the deadline the court originally had set. Dkt. No. 14. The court did not promptly respond to that letter, either, and on October 11, 2021, the respondent filed his response to the petition. Dkt. No. 15. The court apologizes to the parties for its delay—to the petitioner for its delay in ruling on the motion to stay and to the respondent for its failure to respond to the letter asking for the court's plans as to the motion. The court

3

appreciates the respondent's work in filing a timely response despite the petitioner's motion to stay.

The court **GRANTS** the petitioner's "Motion for Stay to Exhaustion of State Claims." Dkt. No. 13.

The court **ORDERS** that the federal proceedings are **STAYED** until the petitioner has exhausted his state court remedies.

The court **ORDERS** that the Clerk of Court must **ADMINISTRATIVELY CLOSE** this case. The court **ORDERS** that within **thirty days** after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once it receives that motion, the court will reopen the case immediately, with the parties retaining all rights they would have had had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Dated in Milwaukee, Wisconsin this 15th day of October, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**