UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY POWELL, JR.,

        Petitioner,

  v.                                    Case No. 21-cv-607-pp

DYLON RADTKE,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR ORDER DIRECTING STATE COURT ACTION (DKT. NO. 17)**

---

On May 13, 2021, the petitioner, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 conviction in Milwaukee County Circuit Court for first-degree reckless homicide. Dkt. No. 1. On October 15, 2021, the court granted the petitioner's "Motion for Stay to Exhaustion of State Claims," ordered the proceedings in this federal case stayed until the petitioner exhausted his state remedies and administratively closed the case. Dkt. No. 16. Three months later, the petitioner filed a motion asking the court to order the state circuit court to "stop blocking [the petitioner's] rights to present (issues) that she know [sic] are constitutional violation to the rights to access the courts." Dkt. No. 17. The petitioner states that while he presented his unexhausted claims to the Milwaukee County clerk in a Wis. Stat. §974.06 postconviction motion, the circuit court judge "made a

1

decision not to file[]" the motion because it exceeded the court's page limits. Id. at 2-3. The petitioner says that to assert his claim, he needs to file a brief longer than the allowable page limit. Id. at 3. He says that he asked the Milwaukee County court to reconsider its decision and it denied that request. Id. He asks this court to "allow[] the Issues that this Honorable Court allowed Me to go and exhausted these Issues I have for the Courts," and to "send an order to the lower Circuit Court to go and allow the motion to preceded on [his] 974.06(1) thur (8)" because "there are very Strong Constitutional Issues." Id. at 3-4.

The court will deny the motion. Contrary to what the plaintiff appears to believe, state courts are not lower federal courts. The state court system is separate from the federal court system. For this federal court to order the state court to accept a motion in excess of the state court's page limitation rule "would reflect a lack of respect for the state's ability to resolve the cases properly before its courts." SKS & Associates, Inc. v. Dart, 619 F.3d 674, 679 (7th Cir. 2010). It would "run contrary to the 'vital' considerations of comity and federalism, see *New Orleans Public Service, Inc.* [*v. Council of City of New Orleans*], 491 U.S. [350] at 364 [(1976)] and would be inconsistent with 'the traditional reluctance of a federal court to meddle in state court proceedings,' see *Pugach v. Dollinger*, 365 U.S. 458, 462 . . . (1961)." Id.

If the petitioner wants to exhaust his remedies before the state court, it appears that he should try to shave several pages off of his motion, so that the motion complies with the state court's page limits.

2

The court **DENIES** the petitioner's motion for an order directing the circuit court to "stop blocking [his] rights." Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 8th day of July, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**